GEO. P. WELCKER AND WIFE *v.* JOHN F. PRICE *et als.*

CHANCERY PLEADING. *Fraudulent conveyance.* *Burden of proof.* To a bill filed by a pre-existing creditor to set aside a voluntary convey-ance of land by the debtor to his wife, and which alleged that the land was all the property the husband then possessed, the husband answered that he was then in'good circumstances, with means enough, and more than enough, to pay his debts. Held, that the burden was on the defendant, to remove the presumption that the conveyance was fraud-ulent as to existing creditors.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

HENDERSON & JOUROLMON for complainants.

LOGAN & LUCKEY and JAS. COMFORT for defendants.

COOPER, J., delivered the opinion of the court.

On the 21st of October, 1867, the defendant, John F. Price, conveyed to complainant, Mary A. Welcker, wife of George P. Welcker, for the consideration of $500, a tract of land by deed with covenant of general warranty. Afterwards, by action of ejectment regularly prosecuted, of the pendency of which John F. Price seems to have had knowledge, the said Mary A. Welcker was evicted from said land by a third

porson having a superior title. The judgment of recovery was rendered on the 7th of September, 1870. The defendant Price paid the costs of this suit, and on the 30th of December, 1870, gave his note to Mary A. Welcker for $550, in full satisfaction of his covenant of warranty. Prior to this date, and pending the action of ejectment, on the 27th of September, 1869, the defendant Price conveyed to his wife, without any money consideration, a tract of land, the only property, so far as appears, then owned by him. This bill is filed to set aside the conveyance of this land as fraudulent in law, and to subject the land to the satisfaction of the debt of Price to Mrs. Welcker, as aforesaid. The Chancellor rendered a decree in favor of the complainants, and the defendants appealed.

A voluntary settlement by a husband upon his wife is not void *per se* as to the husband's creditors. *Ricketts* v. *McCully,* 7 Heis., 712; *Burkey* v. *Self,* 4 Sneed, 12; *Perkins* v. *Perkins,* 1 Tenn. Ch., 537. But it will be presumed fraudulent as against existing creditors. *Nicholas* v. *Ward,* 1 Head, 323; *Smith* v. *Green,* 3 Hum., 118; *Susong* v. *Williams,* 1 Heis., 631; *Yost* v. *Hudiburg,* decided at the present term.

The only question in this case is, whether the presumption thus raised is rebutted by anything in the record. There is no direct evidence on the point of the pecuniary condition of Price at the date of the voluntary conveyance to his wife, although his deposition and that of complainant, Mary A. Welcker, were taken. The bill charges that the tract of land conveyed to his wife was "all the property of which the

said John F. was possessed." The answer does not directly respond to this charge, but says, " He (respondent) was then in good circumstances, with means enough and more than enough to pay all his debts." This is, at most, the statement of a legal conclusion which the party is not permitted to draw for himself, or the expression of an opinion without giving any fact to justify it. The answer is a mere evasion of the real issue—the possession of other property. It does not, therefore, deny the charge in the bill, either directly, or by a statement of facts which negatives it. *Hopkins* v. *Spurlock,* 2 Heis., 152; *Beech* v. *Haynes,* 1 Tenn. Ch., 570. Upon this state of the pleadings the burden of proof was on the defendants.

The decree will be affirmed with costs.